## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY<br>as subrogee of WILMER CUTLER PICKERING<br>HALE AND DORR, LLP<br>15 Mountain View Road<br>Warren, New Jersey  07061<br><br>      Plaintiff,<br><br>v.<br><br>RECALL TOTAL INFORMATION<br>MANAGEMENT INC. and<br>RECALL SECURE<br>DESTRUCTION SERVICES INC.<br>180 Technology Parkway<br>Norcross, Georgia  30092<br><br>Serve on:<br>Resident Agent<br>The Corporation Trust Incorporated<br>351 West Camden Street<br>Baltimore, MD 21201<br><br>      Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.: 8:13-cv-01829<br>:<br>:<br>:<br>:<br>: **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, Great Northern Insurance Company, by and through its undersigned counsel, complaining of defendants, hereby avers, upon information and belief, as follows:

## PARTIES

1. Plaintiff, Great Northern Insurance Company (hereinafter "Great Northern"), is a corporation duly organized and existing under the laws of the State of Indiana with a principal place of business located at 15 Mountain View Road, Warren, New Jersey which at all times relevant hereto was engaged in the insurance business and was duly authorized and licensed to issue insurance policies in the State of Maryland and the District of Columbia.

2. Defendant, Recall Total Information Management Inc. (hereinafter, collectively with its affiliated sister company, Recall Secure Destruction Services, Inc., "Recall") is a Delaware corporation with a principal place of business located at 180 Technology Parkway, Norcross, Georgia, 30092 which at all times relevant hereto was engaged in the document management and storage business including the operation of a document storage warehouse facility located at 1501 Cabin Branch Drive in Landover, Maryland.

3. Defendant, Recall Secure Destruction Services Inc. (hereinafter, collectively with its affiliated sister company, Recall Total Information Management, Inc. "Recall") is a Delaware corporation with a principal place of business located at 180 Technology Parkway, Norcross, Georgia, 30092 which at all times relevant hereto was engaged in the document destruction business including the operation of a warehouse facility located at 1501 Cabin Branch Drive in Landover, Maryland.

## JURISDICTION AND VENUE

4. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Venue is proper in this District based on 28 U.S.C. §1391(a) as the event giving rise to this claim occurred within this district.

## GENERAL ALLEGATIONS

6. At all relevant times, Wilmer Cutler Pickering Hale and Dorr, LLP ("hereinafter "WilmerHale"), a law firm with numerous offices, including an office in Washington, D.C., stored certain of its business records, boxes of documents, and other property at the Recall warehouse facility located at 1501 Cabin Branch Drive in Landover, Maryland.

7. At all relevant times, plaintiff Great Northern insured WilmerHale's property which was stored at Recall's warehouse storage facility.

8. On June 28, 2012, significant portions of Recall's warehouse facility collapsed causing the destruction of WilmerHale's property stored therein.

9. As a result of the partial building collapse, WilmerHale sustained severe and extensive damage to its property and incurred additional expenses.

10. Pursuant to the terms and conditions of the insurance policy, plaintiff Great Northern paid WilmerHale significantly in excess of Seventy-Five Thousand Dollars ($75,000), representing the fair and reasonable value of WilmerHale's damaged property and additional expenses.

11. In accordance with common law principles of equitable and legal subrogation, and the terms of the insurance policy, Great Northern is subrogated to the rights of WilmerHale to the extent of its payments.

## COUNT I – GROSS NEGLIGENCE

12. Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

13. By undertaking to transport and store WilmerHale's business records, documents and other materials at its warehouse facility, Recall assumed a duty to WilmerHale to perform its work and services in a good, safe, and workmanlike manner, in accordance with all applicable federal, state, and local statutes, codes, regulations, and industry custom and practices.

14. Recall's conduct demonstrated a flagrant disregard for applicable statutes, codes, regulations and applicable customs, standards, and practices and a willful violation of its duties and obligations to WilmerHale.

15. The partial building collapse referred to in paragraph 9 and the resulting damages to WilmerHale's property were caused by the negligence, gross negligence, carelessness, willful misconduct, and recklessness of Recall, acting by and through its agents, servants and/or employees, acting within the course and scope of their employment, as follows:

a. Failing to investigate, employ and hire agents, servants, employees and/or subcontractors with knowledge, training and experience in the safe and lawful operation of a warehouse facility;

b. Failing to investigate, employ and hire agents, servants, employees and/or subcontractors with knowledge, training and experience in the design, construction, inspection, maintenance of storage racks; the safe operation of forklifts; and the inspection and maintenance of warehouse buildings;

c. Failing to properly manage, oversee, and supervise its agents, servants, employees and/or subcontractors in the design, construction, inspection, maintenance, and operation of the warehouse facility;

d. Failing to property train, oversee, instruct, and supervise its agents, servants, employees and/or subcontractors;

e. Failing to inspect and maintain its warehouse storage facility, including rack systems, roofing systems, structural systems, forklifts and mechanical equipment, and general warehouse operations;

f. Failing to use safe and proper procedures in the operation of forklifts and other mechanical equipment inside the warehouse facility;

g. Failing to make sure that its agents, servants, employees and/or subcontractors were qualified, trained, and experienced in the safe operation of mechanical

equipment, the inspection, use, and maintenance of rack storage systems, and general warehouse operations;

      h.     Failing to inspect and maintain its warehouse building so as to protect Wilmer Cutler's property;

      i.     Disregarding warnings regarding the condition of the racking systems, the warehouse building, forklift, other mechanical equipment, and other unsafe operations;

      j.     Failing to exercise all reasonable and due care in operating the warehouse facility;

      k.     Violating applicable building, life safety, and occupational safety codes;

      l.     Failing to maintain a safe work environment so as to avoid creating an unreasonable risk of building collapse and/or racking system collapse;

      m.     Failing to hire qualified inspectors to inspect and maintain the warehouse facility, including the building structure and racking systems;

      n.     Willfully and intentionally disregarding notice of hazardous conditions and hazardous operations which ultimately caused the partial building collapse;

      o.     Failing to perform its work and services in a good and workmanlike manner and in accordance with all applicable State of Maryland building, life safety and occupational safety codes and standards, and industry customs and practices; and

      p.     Otherwise failing to use due care as required under the circumstances.

16.    As a direct and proximate result of defendants' negligence, gross negligence, carelessness, willful misconduct, and recklessness, WilmerHale sustained severe and extensive damages.

WHEREFORE, plaintiff Great Northern hereby demands judgment in its favor and against defendants Recall Total and Recall Secure in an amount in excess of Seventy-Five

Thousand Dollars ($75,000), together with interest, costs and such other and further relief as this Court deems proper.

## COUNT II – BREACH OF CONTRACT AND WARRANTY

17. Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

18. On or about April 19, 2010, WilmerHale contracted with Recall pursuant to a Master Service Agreement to provide document pickup, transport, storage, retention, delivery and destruction services.

19. By entering into the contract, Recall impliedly warranted that it would perform its work and services in a good and workmanlike manner and in accordance with the terms of the contract, all applicable codes, statutes, regulations, and industry customs and practices.

20. By causing the partial collapse of its warehouse building, Recall breached its contract and its implied warranty of workmanlike performance.

21. By causing damage to WilmerHale's property, Recall breached its contract and implied warranty to safely store and preserve WilmerHale's property while in its possession and control.

22. As a direct and proximate result of Recall's breach of its contract and implied warranties, WilmerHale suffered severe and extensive damage to its property.

WHEREFORE, plaintiff Great Northern hereby demands judgment in its favor and against Recall in an amount in excess of Seventy-Five Thousand Dollars ($75,000), together with interest, costs and such other and further relief as this Court deems proper.

## COUNT III - BAILMENT

23.   Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

24.   By accepting WilmerHale's property acting as a bailee, and agreeing to safely store and preserve WilmerHale's property, Recall was obligated to safely store and preserve WilmerHale's property and to return it in the condition in which it was left with Recall.

25.   Defendant Recall breached its duty to preserve and safely store WilmerHale's property and failed to return the property in the condition in which it was left with Recall.

26.   Recall, as bailee, breached its duty to WilmerHale, as bailor, by failing to preserve and protect WilmerHale's property and to return it in the condition in which it was left in Recall's possession and control.

27.   As a direct and proximate result of Recall's breach of its duties and obligations, WilmerHale suffered severe and extensive damage to its property for which Recall is liable.

WHEREFORE, plaintiff Great Northern hereby demands judgment in its favor and against Recall in an amount in excess of Seventy-Five Thousand Dollars ($75,000), together with interest, costs and such other and further relief as this Court deems proper.

>                          Respectfully submitted,
>
>                          MESIROW & STRAVITZ, PLLC
>
>
>                   By:    /s/ Eric N. Stravitz
>                          Eric N. Stravitz  (Bar No. 23610)
>                          1307 New Hampshire Avenue, N.W.
>                          Suite 400
>                          Washington, DC 20036
>                          O:  (202) 463-0303
>                          F:  (202) 861-8858
>                          E:  eric@metrodclaw.com

OF COUNSEL:
Sean P. O'Donnell, Esquire
Cozen O'Connor

1900 Market Street
Philadelphia, PA 19103
Tele: 215-665-2068
Fax: 215-665-2013
Email: sodonnell@cozen.com

*Attorneys for Plaintiff*
*Great Northern Insurance Company*
*a/s/o Wilmer Cutler Pickering Hale and Dorr, LLP*

## **CERTIFICATE OF ATTORNEY WITH OUT-OF-STATE OFFICE**

I hereby certify that I am a member in good standing of the Maryland State Bar and that I am admitted to practice law in the State of Maryland and before this Honorable Court.

                              /s/ Eric N. Stravitz
                              Eric N. Stravitz (Bar No. 23610)

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury in the above-captioned matter.

                              /s/ Eric N. Stravitz
                              Eric N. Stravitz (Bar No. 23610)