IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY *as subrogee of Wilmer Cutler Picking Hale and Dorr, LLP*, <br><br> Plaintiff, <br><br> v. <br><br> RECALL TOTAL INFORMATION MANAGEMENT, INC. et al., <br><br> Defendants. | Civil Action No. 8:13-cv-01829-AW |

**MEMORANDUM OPINION**

Pending before the Court is Defendants' Motion to Dismiss. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **GRANTS IN PART** Defendants' Motion to Dismiss.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Unless otherwise noted, the Court takes the following facts from Plaintiff's Complaint. Plaintiff Great Northern Insurance Company is an insurance company that is incorporated in Indiana and whose principal place of business is New Jersey. Plaintiff does business in Maryland. Defendants are related corporate entities. Defendant Recall Total Information Management Inc. (Recall Total) is a Delaware corporation whose principal place of business is Georgia. At all relevant times, Recall Total engaged in the business of document management and storage and operated a document storage warehouse facility located at 1501 Cabin Branch

1

Drive, Landover, Maryland (the Warehouse). For its part, Defendant Recall Secure Destruction Services Inc. (Recall Secure) is likewise a Delaware corporation whose principal place of business is Georgia. At all relevant times, Recall Secure engaged in the business of document destruction and operated the Warehouse. The Court refers to Recall Total and Recall Secure collectively as "Defendants."

Nonparty Wilmer Cutler Pickering Hale and Dorr, LLP (WilmerHale) is a law firm with an office in Washington, D.C. WilmerHale stored some of its business records, documents, and other property at the Warehouse (the Property). At all relevant times, Plaintiff insured WilmerHale's Property pursuant to a Master Service Agreement (the Agreement). On June 28, 2012, "significant portions of [the Warehouse] collapsed[,] causing the destruction of [the Property]." Doc. No. 1 ¶ 8. Pursuant to the Agreement, Plaintiff allegedly paid WilmerHale significantly more than $75,000. Plaintiff further alleges that, as subrogee of WilmerHale, it is "subrogated to the rights of WilmerHale to the extent of its payments." *Id.* ¶ 11.

Based on these essential allegations, Plaintiff asserts claims against Defendants for gross negligence, breach of contract and warranty, and bailment. The Complaint contains little factual adornment. To support its claim for gross negligence, Plaintiff alleges that Defendants' "conduct demonstrated a flagrant disregard for applicable codes, regulations and applicable customs, standards, and practices and a willful violation of its duties and obligations to WilmerHale." *Id.* ¶ 14. Plaintiff further alleges that the "partial building collapse . . . and the resulting damages . . . were caused by the . . . gross negligence, . . . willful misconduct, and recklessness of Recall . . . ." *Id.* ¶ 15. Additionally, the Complaint contains a list of vague allegations generally averring that Defendants failed to properly (1) investigate and maintain the Warehouse and (2) supervise

and train their employees. *See id.* The Complaint contains no other consequential allegations. *See generally id.* ¶¶ 16–27.

On June 22, 2013, Plaintiff filed said Complaint. Doc. No. 1. Defendants filed their Motion to Dismiss on August 23, 2013. Doc. No. 7. Defendants attached the Agreement to their Motion to Dismiss. *See* Doc. No. 7-2. Defendants assert that the Agreement limits their liability for the damage or destruction of the Property to $2 per "carton" unless WilmerHale can show gross negligence. Defendants base this assertion on section 11 of the Agreement, which is titled "Limitation of Liability." *See id.* § 11. In pertinent part, section 11(A) provides as follows:

> With the exception of those claims resulting from Recall's gross negligence [or] willful misconduct, . . . in the event of any loss, damage or destruction of customer materials caused by Recall's breach of its obligations hereunder to [WilmerHale], Recall's liability shall be limited to: . . . $2.00 per registered item.

*See id.* § 11(A), 11(A)(ii).

Defendants argue that this clause limits their liability to $54,706 because (1) Plaintiff has failed to state a facially plausible claim for gross negligence and (2) an investigation has revealed that the collapse of the Warehouse resulted in the loss of only 27,353 cartons. To buttress the second assertion, Kenneth Lee Clark, Regional Operations Director of Defendants, states in an affidavit included with the Motion to Dismiss that "[b]ased on diligent investigation . . . , the best information [Defendants have] available [to date] is that [WilmerHale] lost 27,353 cartons of materials." Doc. No. 7-3 ¶ 6. Defendants conclude that $54,706 falls below the $75,000 threshold for diversity jurisdiction and that the Court must dismiss the case for lack of subject matter jurisdiction.

Plaintiff filed its Response on September 27, 2013. Doc. No. 9. Plaintiff makes a series of assertions purporting to show that the collapse was severe and involved grossly negligent behavior. For instance, citing a series of news reports, Plaintiff asserts that 90% of the Warehouse collapsed and that a worker died due to the collapse. *See id.* at 2–3. Plaintiff then argues that it has stated a facially plausible claim for gross negligence. Plaintiff further asserts that, by attaching the Agreement and Clark's affidavit to the Motion to Dismiss, Defendants converted it into a motion for summary judgment. Plaintiff concludes that it is entitled to early discovery under Rule 56(d) because it cannot present facts essential to oppose summary judgment without it. Defendants have replied and the matter is ripe for review.

## II.     STANDARD OF REVIEW

### A.     Motion to Dismiss

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing,

the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. LEGAL ANALYSIS

### A. Gross Negligence

This Court has previously had occasion to state the standard for gross negligence under Maryland law.[1] "Gross negligence connotes 'wanton and reckless disregard for others.'" *Markevicz v. Garcia*, Civil Action No. 8:08–cv–02877–AW, 2011 WL 6888641, at *2 (D. Md. Dec. 29, 2011) (quoting *Boyer v. State*, 594 A.2d 121, 132 (Md. 1991)). "A defendant acts with wanton and reckless disregard for others 'only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist.'" *Id.* (quoting *Barbre v. Pope*, 935 A.2d 699, 717 (Md. 2007)).

In this case, taking the allegations as true and construing them in the most favorable light, one could not plausibly infer that Defendants' conduct in connection with the Warehouse's collapse constituted gross negligence. To support its gross negligence claim, Plaintiff simply alleges that Defendants flagrantly disregarded the applicable building codes and standards and failed to properly (1) investigate and maintain the Warehouse and (2) supervise and train their employees. These are conclusory factual assertions and, hence, warrant no weight. *See Moore v.*

---

[1] The underlying accident happened in Maryland and both Parties have assumed that Maryland law applies to Plaintiff's claims.

*Nat'l Tire & Battery*, Civil Action No. 13–cv–01779 AW, 2013 WL 5587295, at *4 (D. Md. Oct. 9, 2013) (citing cases). Plaintiff adds that the collapse was caused by "gross negligence" and/or "willful misconduct." These allegations likewise warrant no weight as they are mere "legal conclusions." *See Iqbal*, 556 U.S. at 1950–51. Although Plaintiff argues that the "allegations" gleaned from the news reports mentioned above create a plausible inference of gross negligence, the Court declines to consider these averments as Plaintiff made them in a legal memorandum, not the Complaint. *See Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994) (citing cases) ("[T]he sparse case law addressing the effect of factual allegations in briefs or memoranda of law suggests that such matters may never be considered when deciding a 12(b)(6) motion."); *Herring v. Wells Fargo Home Loans*, Civil Action No. 8:13–cv–02049–AW, 2013 WL 5781584, at *1 (D. Md. Oct. 24, 2013) (ellipsis in original) (citation and internal quotation marks omitted) ("[F]actual allegations contained in legal briefs or memoranda are . . . treated as matters outside the pleading for purposes of Rule [12(b)(6)].").

For these reasons, the Court dismisses Plaintiff's gross negligence claim. However, as explained below, this dismissal is without prejudice to the right of Plaintiff to file an amended complaint.

**B.     Subject Matter Jurisdiction**

It is premature to address the subject matter jurisdiction question. Defendants contend that the Agreement clearly shows that Plaintiff cannot cross the jurisdictional threshold of $75,000 because, due to the lack of gross negligence, section 11 limits their liability to $54,706. But this argument takes for granted that Plaintiff cannot state a claim for gross negligence, which remains to be seen. At the end of the day, it makes more sense to wait and see if Plaintiff manages to state a facially plausible gross negligence claim before delving into the jurisdictional dispute.

In sum, the Court grants in part Defendants' Motion to Dismiss. As a result, the Court dismisses, without prejudice, Plaintiff's gross negligence claim. In view of the upcoming holiday season, the Court gives Plaintiff 30 days to file an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Defendants' Motion to Dismiss. A separate Order follows.

| December 19, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |