UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

GREAT NORTHERN INSURANCE
COMPANY, *as subrogee of Wilmer Cutler
Pickering Hale and Dorr, LLP*,

    Plaintiff,

v.

RECALL TOTAL INFORMATION
MANAGEMENT, INC., *et al.*,

    Defendants.

Civil Action No. TDC-13-1829

## MEMORANDUM OPINION

Before the Court is a Motion for Reconsideration, ECF No. 49, filed by Defendants Recall Total Information Management, Inc. and Recall Secure Destruction Services, Inc. (collectively, "Recall"), in which Recall requests that the Court reconsider its prior decision to deny Recall's Motion to Dismiss Counts I, II, and III of the First Amended Complaint. In the alternative, Recall requests that the Court strike Paragraphs 15, 16, 25, 27, 29, 30, & 34(a), (b), (c), (e), (f), (g), (h), (l), (m), (n), (p), (q), (r), & (s) of the First Amended Complaint. Having reviewed the pleadings, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, Recall's Motion is DENIED.

## BACKGROUND

This dispute arises from an accident that occurred on June 28, 2012, during which a large section of the roof of Recall's document storage warehouse collapsed, killing a Recall worker and causing the destruction of property, including property that belonged to the nonparty subrogor of Plaintiff Great Northern Insurance Company ("Great Northern"). Great Northern

brought suit against Recall; Lorenzo Piard ("Piard"), the temporary worker who allegedly caused the roof collapse; and Kelly Services, Inc., the temporary employment agency that hired Piard to work at Recall. On August 1, 2013, the Court issued a Memorandum Opinion and accompanying Order denying Recall's Motion to Dismiss Counts I, II, and III of the First Amended Complaint.[1] ECF No. 45-46. Recall filed the present Motion 14 days later, requesting that the Court reconsider its decision under Federal Rule of Civil Procedure 54(b). As the relevant facts in this case are explained in the Memorandum Opinion, ECF No. 45, the Court will not repeat them here.

## DISCUSSION

### I. Motion for Reconsideration

Because the Court's ruling on the Motion to Dismiss was an interlocutory order, Recall's Motion for Reconsideration is brought under Federal Rule of Civil Procedure 54(b). Under Rule 54(b), a court may revise interlocutory orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Because the district court "retains the power to reconsider and modify" its interlocutory orders, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment" and are instead "committed to the discretion of the district court." *Am. Canoe Ass'n., Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). Among the factors that the court may consider are whether (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest

---

[1] Not at issue on this Motion for Reconsideration is the Court's Memorandum Opinion and accompanying Order denying the separate Motion to Dismiss filed by Kelly Services, Inc. and Piard. ECF No. 47-48.

2

injustice. *See Reyazuddin v. Montgomery Cnty., Md.*, No. DKC 11-0951, 2012 WL 642838, at *2-3 (D. Md. Feb. 27, 2012) (citations and internal quotation marks omitted); *Beyond Sys., Inc. v. Kraft Foods, Inc.*, No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010).

Here, Recall argues neither that there have been intervening changes in controlling law, nor that there is additional evidence that was previously unavailable. Instead, Recall's main argument is that the Court erred in its consideration of certain allegations in the Complaint which reference the Maryland Occupational Safety and Health ("MOSH") report, ECF No. 14-2, that was attached to the First Amended Complaint. The Court, however, does not find clear error or manifest injustice in its consideration of these allegations, nor does it find any other grounds on which it should exercise its discretion to reconsider its prior decision. Therefore, Recall's Motion for Reconsideration is denied.

In its Memorandum of Law in Support of its Motion for Reconsideration, Recall restates the argument previously made in its Motion to Dismiss that the Court should compare the MOSH report to the Complaint and consider only the report where Great Northern's allegations indicate they rely on the MOSH report but conflict with the contents of the report. Mem. Supp. Mot. Recons. at 7, ECF No. 49-1. As discussed in the Court's Memorandum Opinion, generally, an exhibit attached to the complaint prevails over the pleading when there is a conflict between the material facts in the exhibit and the allegations of the complaint. Fed. R. Civ. P. 10(c); *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465-68 (4th Cir. 1991) (relying on the time period stated in the contract and performance bond attached to the complaint, rather than the incorrect period alleged in the complaint, to conclude that a claim was time-barred). In this instance, however, the findings in the MOSH report, which is not an evidentiary document, are the hearsay conclusions of an investigator, and therefore it would be

inappropriate to take everything stated in the report as true and find that it refutes the allegations in the Complaint. *See Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 674-75 (2d. Cir. 1995) (finding that the district court erred when it adopted as true the full contents of a superintendent's report that was attached to the complaint and found that it refuted the plaintiffs' allegations).

In its Memorandum of Law, Recall states that it does not challenge the Court's application of *Gant*, but argues that it would be consistent with *Gant* for the Court to use the MOSH report to reject any allegation in the Complaint which Great Northern erroneously asserts is supported by the MOSH report. The Court, however, finds no such direct contradiction between the MOSH report and the allegations in the First Amended Complaint.

Recall identifies several allegations in the Complaint that it claims are attributed to the MOSH report, but in fact directly contradict statements in the MOSH report. First, Recall takes issue with the allegations relating to Piard's level of training and certification, such as the allegation that: "Based on the MOSH investigation and report, Lorenzo Piard was not properly trained or certified to safely operate Recall's order picker inside the Recall warehouse facility."[2] Am. Compl. ¶ 25, ECF No. 14. Recall argues that the MOSH report states only that Recall was not in possession of a training certificate for Piard, that it "states the opposite" of Great Northern's allegation that Piard was not properly trained, and that, in fact, it states, "The employer had a copy of the evaluation with the date and name of both the operator and the

---

[2] Great Northern makes similar allegations relating to whether Piard was properly trained and certified elsewhere in the Amended Complaint: "Based on the investigation conducted by [MOSH], Recall did not certify that defendant Lorenzo Piard was properly trained and certified to operate order pickers as required . . . ," *id.* ¶ 13; "Based on MOSH's investigation, neither Recall, Kelly, nor Mr. Piard has produced a certification from the order picker manufacturer or an individual certified to provide training on the subject order picker confirming that Mr. Piard was properly trained and certified," *id.* ¶ 14; "Based on the MOSH investigation, Defendant Lorenzo Piard, who was not properly trained and certified to operate an order picker . . . struck an overloaded and overstressed rack . . . causing the rack to tip over onto an adjoining rack . . . ," *id.* ¶ 30.

4

trainer." Mem. Supp. Mot. Recons. at 8. The Court, however, finds no irreconcilable conflict between the Complaint and the MOSH report. In fact, the portions of the MOSH report to which Recall cites state, consistent with the pleadings, that Recall "did not have any documentation that the employee had been trained in the use of the order picker," as required by Recall's safety procedures, but that Recall did tell the MOSH investigator that it "had evaluated the operator while he was operating the order picker" and conducted "an oral evaluation of his knowledge," and that it had "a copy of th[is] evaluation with the date and name of both the operator and the trainer." MOSH Report, ECF No. 14-2, at 19, 22. The report notes that under the applicable standard operating procedures, training and certification must be "conducted by an individual from the manufacturer or an individual certified to provide training." *Id.* To find that Great Northern's allegation is refuted by the report would require a conclusion that the report's account of Recall's informal evaluation, which the report indicates did not comply with safety procedures, is proof that Piard was properly trained and certified to operate the order picker. As the Court has explained, it would be inappropriate to adopt the contents of the MOSH report in this way.[3]

Second, Recall asks the Court to reject Great Northern's allegation that Piard operated the order picker that struck the storage rack because the MOSH report does not explicitly state that it was Piard who caused the damage. The full allegation at issue is:

> Based on the MOSH investigation, Defendant Lorenzo Piard, who was not properly trained and certified to operate an order picker, carelessly, negligently and with disregard for the safety and property of others stored in the warehouse, struck an overloaded and overstressed rack while operating an order picker in one of the enclosed tunnel spaces, causing the rack to tip over onto an adjoining rack which resulted in a domino effect of collapsing rack systems.

---

[3] Under *Gant*, the Court is not required to accept as true the arguably self-serving statements of Defendants Recall and Piard to the MOSH investigator, as recounted in the MOSH report, simply because the report was attached to the Complaint. *See Gant*, 69 F.3d at 674.

5

Am. Compl. ¶ 30.   Great Northern states in its Opposition to Recall's Motion for Reconsideration that it based this allegation not solely on the MOSH report, but also on its own investigation and review of Recall employee statements, which led to the identification of Piard as the order picker operator. Opp. Mot. Recons. at 7, ECF No. 57. A fair reading of this allegation, therefore, is that it relies on the MOSH investigation for the circumstances of the accident, including that it was caused by an order picker striking a shelf that caused a "domino effect," but not necessarily for the identity of the operator. Recall is effectively asking the Court, at this pre-discovery stage, to bar Great Northern from alleging that Defendant Piard caused the accident because it, perhaps inartfully, failed to specify precisely which facts it derived from the MOSH report. Notably, the MOSH report does not contradict this allegation. Where Great Northern has represented that it has another source for this information, such a ruling would effectively require a finding that the MOSH report's silence on the identity of the order picker operator is conclusive evidence that Piard did not cause the accident. Such a conclusion, particularly at the pleadings stage, is inappropriate. *See Gant*, 69 F.3d at 674.

Third, Recall argues that the MOSH report contradicts the allegations that, "[b]ased on the MOSH investigation, the storage racks were overloaded, overstressed and deformed," Am. Compl. ¶ 29; *see also id.* ¶ 30, and that "[t]he storage racks were designed and installed in a manner that created small enclosed tunnels at floor level," *id.* ¶ 27. As with the allegations regarding Piard, the Court does not find that the MOSH report directly contradicts Great Northern's allegations regarding the storage racks. Although the MOSH report does not use the word "overloaded," it states that the storage racks appeared to be "overstressed and deformed," MOSH Report, ECF No. 14-2 at 37. Significantly, the report attaches photographs showing

racks that are arguably "overloaded" and form enclosed tunnel-like spaces. *See id.* at 24, 32. Under these circumstances, there is no basis to reject Great Northern's allegation.

Finally, Recall also takes issue with the allegation that Recall was "involved in modifying the building or the racks in 2000" because that allegation is not contained in the MOSH report. Mem. Supp. Mot. Recons. at 9. However, the actual allegation on this point never attributed to Recall the modifications to the building:

> Based on the MOSH investigation and reports, Recall's warehouse was 600 feet by 560 feet and the roof of the warehouse was approximately 36 feet high. The roof of the building had been raised in 2000 to increase the storage space. At that time, the buildings' [sic] columns were jacked up and the southwest corner of the roof failed and had to be rebuilt.

Am. Compl. ¶ 26. Furthermore, as is clear from the Court's Memorandum Opinion, the Court neither interpreted this allegation to claim that Recall had made these modifications nor relied on that assumption in its analysis. Rather, it understood that the modifications had been performed by others, but that Recall chose to operate the warehouse under those conditions. *See* Mem. Op. at 3-4, 9. Great Northern did make the separate allegation, which the Court relied upon, that "[a]fter the roof of the building was raised, Recall modified its storage racks," Am. Compl. ¶ 27, but that allegation was not linked to the MOSH report and thus presumably is based on other sources of information. At the pleading stage, there is no basis to reject such an allegation.

Thus, the Court finds neither clear error nor manifest injustice in its consideration of the pleadings and the MOSH Report in its prior decision to deny Recall's Motion to Dismiss, nor does it find any other grounds on which it should exercise its discretion to reconsider that decision. Accordingly, the Motion for Reconsideration is denied.

## II. Motion to Strike Pleadings

In the alternative, Recall asks that the Court strike Paragraphs 15, 16, 25, 27, 29, 30, & 34(a), (b), (c), (e), (f), (g), (h), (l), (m), (n), (p), (q), (r), & (s) of the First Amended Complaint, which Recall argues "depend directly on mischaracterizing the MOSH report or that are dependent upon mischaracterization of the MOSH report as a predicate to the claim." Mem. Supp. Mot. Recons. at 10. Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions are "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citations and internal quotation marks omitted). As discussed above, the Court finds that these allegations do not directly contradict or mischaracterize the MOSH report and thus finds no basis to strike them.

Recall further argues that the paragraphs it has identified are "immaterial because they can never be proven as true" and prejudicial because they will put Recall in a position to "defend a claim of gross negligence based on alleged findings and conclusions that do not exist." Mem. Supp. Mot. Recons. at 10-11. However, a court should grant a Rule 12(f) motion only in cases where the pleadings are clearly immaterial. *See Rackley v. Bd. Trustees of Orangeburg Reg'l Hosp.*, 310 F.2d 141, 143 (4th Cir. 1962) (holding that the district court should not have stricken a paragraph in the complaint where "it did not conclusively appear that this circumstance was not germane to the claimants' case"). An opposing party's prediction that an allegation will never be sufficiently proven does not satisfy this high bar, nor does Recall cite any case law that suggests that it does. Therefore, Recall's Motion to Strike Paragraphs 15, 16, 25, 27, 29, 30, & 34(a), (b), (c), (e), (f), (g), (h), (l), (m), (n), (p), (q), (r), & (s) is denied.

## CONCLUSION

For the foregoing reasons, Recall's Motion for Reconsideration of Order Denying Recall's Motion to Dismiss First Amended Complaint or in the Alternative to Strike Paragraphs is denied. A separate Order follows.

Date: October 14, 2014

THEODORE D. CHUANG
United States District Judge